IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Carmalita Storms, a/k/a Kandy Storms, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> I.C. System, Inc., a Minnesota ) <br> corporation, ) <br> ) <br>     Defendant. ) | No.  1:13-cv-1372 <br><br><br><br><br><br><br><br> Jury Demanded |

## COMPLAINT

Plaintiff, Carmalita Storms, a/k/a Kandy Storms, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3.  Plaintiff, Carmalita Storms, a/k/a Kandy Storms ("Storms"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt she allegedly owed to AT&T.

4.     Defendant, I.C. System, Inc. ("IC System"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, IC System was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant IC System is authorized to conduct business in the State of Indiana and maintains a registered agent within the State of Indiana, see, records from the Indiana Secretary of State, attached as Exhibit A.  In fact, IC System conducts business in Indiana.

6.     Defendant IC System is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, Defendant IC System acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.     On August 19, 2012, Ms. Storms filed a Chapter 7 bankruptcy petition in a matter styled In re: Storms, S.D. Ind. Bankr. No. 12-9956-FJO-7A.  Among the debts listed on Schedule F of Ms. Storms' bankruptcy petition was a debt she allegedly owed to AT&T Midwest.  Moreover, IC System was also listed on Schedule F of Ms. Storms' bankruptcy petition.  Accordingly, on August 21, 2012, IC System and the creditor were sent, via electronic transmission, notice of the bankruptcy by the court.

8.     Nonetheless, Defendant IC System sent Ms. Storms a collection letter, dated September 19, 2012, which demanded payment of the AT&T debt that she had owed prior to the bankruptcy.  A copy of this collection letter is attached as Exhibit C.

This resulted in Ms. Storms suing IC System for violating the FDCPA in a matter styled, Storms v. I.C. System, No. 1:12-cv-1489-RLY-DKL (S.D. Ind.). Defendant IC System settled that lawsuit, and on January 8, 2013, the case was dismissed.

9. Unbelievably, on August 9, 2013, Defendant sent Ms. Storms another collection letter on the same discharged AT&T debt. A copy of this collection letter is attached as Exhibit D. Moreover, Defendant has called Ms. Storms to try and collect this discharged AT&T debt.

10. All of Defendant IC System's collection actions complained of in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A), and the threat to take any action that cannot be legally taken, see 15 U.S.C. § 1692e(5),

14. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004). Moreover,

3

threatening a negative credit report, when there is no right to do so, further violates § 1692e of the FDCPA .

15.    Defendant IC System's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

16.    Plaintiff adopts and realleges ¶¶ 1-11.

17.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

18.    Here, the bankruptcy and the notice issued by that court, as well as the prior lawsuit against Defendant told IC System to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment through a letter (Exhibit D) and phone calls, Defendant violated § 1692c(c) of the FDCPA.

19.    Defendant IC System's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692c(a)(2) Of The FDCPA –
## Communicating With A Consumer Represented By Counsel

20.    Plaintiff adopts and realleges ¶¶ 1-11.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2).

22. IC System was given notice, through Plaintiff's bankruptcy and the prior lawsuit, that Plaintiff was represented by an attorney in connection with this debt. Moreover, Plaintiff's bankruptcy was a matter of public record in the files of the bankruptcy court and was listed on her credit report. Accordingly, Defendant was aware of Plaintiff's bankruptcy before it sent out the collection letter and made the collection phone calls.

23. By sending a debt collection letter directly to Ms. Storms, as well as by calling her, despite notice that she was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

24. Defendant IC System's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Carmalita Storms, a/k/a Kandy Storms, prays that this Court:

1. Find that Defendant IC System's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Storms, and against Defendant, for actual and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

    4.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kandy Storms, demands trial by jury.

                          Carmalita Storms, a/k/a
                          Kandy Storms,

                          By: /s/ David J. Philipps
                          One of Plaintiff's Attorneys

Dated: August 27, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com